HORTON AND MOSELEY

VS

PRESCOTT JORDAN & AL

7311

NO. 7311

CHARLES   F.   CLAIBORNE,   JUDGE.

April 8th. 1918.

CHARLES F. CLAIBORNE, JUDGE.

On motion to Dismiss.

A motion is made to dismiss the appeal herein on the ground of want of jurisdiction of this Court. *This suit was filed April 23— 1917—* Plaintiffs alleged that they were the holders of five promissory notes drawn by the defendants dated December 10th. 1912 for the following respective amounts:

|  |  |
|---|---|
| 2nd. One for $400.00, subject to a credit of $37.50 due January 10th. 1915 | $ 362.50 |
| 3rd. Another for $400.00 subject to a credit of $37.50 due January 10th. 1916 | $ 362.50 |
| 4th. A third for $750.00 subject to a credit of $37.50 due January 10th. 1917 | $ 712.50 |
| *the three* Amount of installments due: | $1437.50 |
| 5th. A fourth for $750.00 subject to a credit of $37.50 due January 10th. 1918 | $ 712.50 |
| 6th. A fifth for $800.00 subject to a credit of $87.50 due January 10th. 1919 | $ 712.50 |
| Amount of the whole of the debt in capital | $2862.50 |

That all of said notes are secured by mortgage and vendor's privilege upon the lands described in said act according to an Act of Sale by the Plaquemines Land Co., to defendants herein passed before a Notary.

The plaintiff prayed for Executory Process and "that the hereinabove described property be seized and sold, x x x x for the payment of the whole of the debt represented by the five notes hereinabove described, together with interest accrued on the whole, and ten per cent on the total amount of principal and interest of all of said five notes, as attorney's fees, the purchase price to be paid in the following manner, to-wit:—"

152

Then follow terms of cash and credit corresponding with the matur~~x~~ed and unmatur~~x~~ed notes intended to conform to the terms prescribed by Article 686 of the Code of Practice.

The order for Executory Process was signed as prayed for.

From this order the defendants have appealed to this Court.

The plaintiffs and appellees have moved this Court to dismiss this appeal upon the ground "that the amount or matter in controversy herein, exclusive of the interest, is in excess of $2000.00, is not within the appellate jurisdiction of this Honorable Court and is within the appellate jurisdiction of the Supreme Court of this State; and that this appeal should be dismissed, or should be transferred to the Supreme Court of this State in the manner provided by law at the cost of the appellant."

The appellees advance the theory that the amount in dispute is not only the sum of the three matured notes, say $1437.50, but is in reality the total sum of all the five notes, both matured and unmatured, say $2862.50, for the payment of *the whole of* which the property was ordered to be sold.

In support of that proposition they cite La Land Co., vs Murf 139 La 808.

The issue presented in that case was not the same as the one discussed here. However, in that case the Executory Process issued to enforce payment of a note of $3472.47 being one of two other concurrent notes, the three amounting to $10417.41.

There was no doubt therefore that the Supreme Court *had jurisdiction. But the Court* proceeded further and allowed attorney's fees, not only upon the note sued on of $3472.47, but upon the total sum of the three notes amounting to $10417.41.

The Court held that the action was for the whole amount of the three notes, and the whole property mortgaged xx was sold upon the terms of cash for such part of the debt as was due, and, for the balance of the debt that was not due, upon terms of credit corresponding to the credit granted to the debtor

153

in the original contract. Citing Grunewald vs Commercial Many 49A 489.

In the course of its opinion the Court said on p 818: "the injunction, whether properly or improperly, restrained the execution of a writ issued to enforce payment of a claim exceeding $10000.00". And on page 820.

"Plaintiff in executory process, being the holder of all the notes, matured and unmatured, and having sued on all of them &c".

The cases cited by the Appellants are not in conflict with the Louisiana Land Co., case. In Bank vs Muller 52A 553 the Court held that the only amount in dispute was the sum of $1800.00 in the Sheriff's hands over which the intervenor claimed a privilege and that therefore the Supreme Court had no jurisdiction.

The case of Wolf vs Weatherill 22A 25 merely holds that interest accrued upon the debt at the time of the appeal cannot be added to the capital to give the Supreme Court jurisdiction. Citing among other cases Klady vs McGuire 1R25-26.

We interpret the decision in the La Land Company as meaning that the amount involved in the demand herein is beyond the limit of our jurisdiction.

In view of the request of the appellees and appellant and by virtue of Act 19 of 1912 page 25 we hereby transfer this case to the Supreme Court of this State.